332 P.2d 660

STATE of Utah, Plaintiff and Respondent,

v.

Irwin Gerald WILLIAMS, Defendant and Appellant.

No. 8900.

Supreme Court of Utah.

Dec. 13, 1958.

218

Simmons, Beaslin & Nygaard, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Maurice D. Jones, Gary L. Theurer, Asst. Attys. Gen., for respondent.

WORTHEN, Justice.

Defendant appealed from a verdict of guilty of the offense of rape and from the denial of two motions filed. Defendant was found guilty of the offense on March 12, 1958. On March 17, 1958, a motion for a new trial on the ground that the court erred as to matters of law and fact was filed and denied on April 4, 1958. Defendant was sentenced on April 11, 1958.

Some six or seven weeks thereafter present counsel was approached by defendant's mother, and a rather extensive investigation was made to find additional evidence apparently not known at the time of trial. Several persons were located who had information, and affidavits were taken from Ralph Wilcox, Jerry Brewster, Kay Allen and Mrs. Carl Hicks. Based upon newly discovered evidence as established by the first three mentioned affidavits a petition was filed praying for a new trial or in the alternative that a Writ of Coram Nobis be issued awarding appellant a new trial. The appeal is from the denial of the motion for new trial on April 4, 1958, and from the denial of the petition for new trial or in the alternative for the granting of a Writ of Coram Nobis on June 28, 1958.

The affidavits of Wilcox, Brewster and Kay Allen, while tending generally to corroborate the appellant's testimony, contain discrepancies as to important time elements involved.

At the trial it was generally established that the appellant, the prosecuting witness and two other men, Carl Hicks and Tony Ortega, traveled west toward Saltair from Salt Lake City in Hicks' car. They stopped at the Salt Shaker Cafe; they left there some 15 to 30 minutes later. Prosecutrix

contends that they left about 15 or 20 minutes after arrival. The prosecuting witness testified that they then drove west toward Saltair for about 1½ miles, turned north on a dirt road and traveled north for about three blocks where each man raped her twice with the help of the other two.

Appellant testified that when they left the Salt Shaker Cafe they traveled out to Saltair a distance of 5 miles and turned around and came back. Appellant seeks, by shortening the time between the departure west from the Salt Shaker and return, to convince the trial court and this court that it was impossible for six rapes to have occurred—considering the fact that the testimony discloses that the defendants forcibly removed her clothes and that she replaced her clothes after she had been raped.

So far as the motion for a new trial denied on April 4 is concerned, the jury had the benefit of hearing the witnesses and believing whom they wished. The fact that any judge of this court might have doubt that the story as testified to by the victim could have occurred if the witnesses for the appellant are believed as to the time element involved would not preclude a jury finding of guilty.

It is to corroborate and bolster the story of appellant that the affidavits are offered in support of a new trial.

But the affidavits could not resolve the conflicts between appellant and prosecutrix as to how far they traveled west—1½ or 5 miles. And the affidavits disclose substantial conflicts and use language so general that where minutes are important little help is afforded.

The Wilcox affidavit contained such general language as "It was about 10:30 p. m. when they left."

The Brewster affidavit contained such general language as "Wilcox party arrived at the Salt Shaker around 10:00 p. m." It states that after they had been in the Salt Shaker for approximately ½ hour he saw Hicks come in and buy some cigarettes. It further states that he, Hicks, Ortega and Wilcox went outside. He and Wilcox talked with the occupants of the car *"approximately 10 minutes."* He went *in the Salt Shaker alone and "in a few minutes" Ralph Wilcox came in.*

We are of the opinion that the trial court did not abuse its discretion in refusing to issue the Writ of Coram Nobis and in refusing to grant a new trial. We are not satisfied that had the same diligence been used before defendant was convicted as since that the information now relied on could not have been available at the trial.

We are also of the opinion that appellant has not shown due diligence in failing to investigate such evidence as Kay Allen

220

might have. Appellant visited her the night of and after the alleged rape. Appellant knew what time he arrived at her home. It does not evidence due diligence to fail to follow up as to the facts which could have been found before the trial.

Judgment affirmed.

McDONOUGH, C. J., and CROCKETT, WADE ánd HENRIOD, JJ., concur.